UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80797-MIDDLEBROOKS/Strauss

ANTHONY T. THOMPSON,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Petitioner Anthony T. Thompson's *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (DE 1). This matter has been referred to me by the Honorable Donald M. Middlebrooks, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the United States District Court for the Southern District of Florida, to take all necessary and proper action as required by law, with respect to any and all pretrial matters. (DE 15). I have reviewed the Petition (DE 1), the State's Response (DE 10) to the Court's Order to Show Cause (DE 5), and the exhibits and appendices to the State's Response (DE 11-13). Petitioner did not file a reply. Based on my review of these filings and other pertinent portions of the record, and being otherwise duly advised in the premises, I respectfully **RECOMMEND** that the Petition be **DISMISSED** because it is untimely and presents grounds that are not cognizable for federal habeas review.

    **I.**    **BACKGROUND**

On December 11, 1997, having been convicted at trial, Petitioner was adjudicated guilty by the State of Florida's Circuit Court for the Fifteenth Judicial Circuit of First-Degree Murder,

Attempted Robbery, and Burglary of an Occupied Structure, in case number 96-12453-CF. (DE 11-1 at 8). Petitioner was sentenced to imprisonment for life on the First-Degree Murder charge and concurrent sentences of 190.5 months on the other two charges. *Id.* at 11-12. Petitioner filed a Notice of Appeal the same day and ultimately presented several arguments on appeal, none of which included the grounds he raises in his current petition. *Id*. at 16, 18-45. On January 13, 1999, the Fourth District Court of Appeal (DCA) affirmed, per curiam, Petitioner's judgments and sentences. *Id.* at 47. There is no indication that Petitioner sought further review of this decision by the Florida Supreme Court or the United States Supreme Court.[1]

On November 8, 1999, Petitioner filed a motion in the Fifteenth Judicial Circuit seeking post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (1999 motion). (DE 13-1 at 2-20). That motion asserted the following grounds: (1) ineffective assistance of counsel for failure to seek a new trial based on insufficient evidence; (2) Petitioner's life sentence violates the Florida Constitution; (3) ineffective assistance of counsel for failing to object to peremptory challenges; (4) ineffective assistance of counsel for failing to move to dismiss count 3 (burglary of an occupied structure) because the State could not prove that the structure was occupied nor that a burglary occurred; (5) ineffective assistance of counsel for failure to interview and call alibi

---

[1] The State correctly points out that, because the Fourth DCA issued a "per curiam affirmed" decision, the Florida Supreme Court would not have had jurisdiction to consider a further appeal and that Petitioner's only avenue for further review would have been with the United States Supreme Court. *See Jackson v. State*, 926 So.2d 1262, 1263, 1266 (Fla. 2006). Petitioner's Petition indicates that he did not seek review by a higher court after denial of his initial appeal. (DE 1 at 3). However, from the date he indicates as the date of decision for his appeal (May 2002), it appears that Petitioner was referring to a decision on his attempt to collaterally attack his conviction, not on his initial direct appeal. *See id*. Nevertheless, it is quite clear that, even if Petitioner sought any further review of his direct appeal, he obtained no such relief and his judgment became final well before 2002.

2

witnesses; and (6) ineffective assistance of counsel for failure to move to suppress Petitioner's confession. *Id*. Petitioner withdrew the 1999 motion in June 2002. *Id*. at 22. On May 22, 2003, Petitioner filed a *pro se* motion (2003 motion) in the Fifteenth Judicial Circuit seeking relief from the dismissal of his 1999 motion. (DE 13-1 at 24-26). There Petitioner argued that he had been coerced into withdrawing his 1999 motion based on misrepresentations by the attorney who had been appointed to represent him at an evidentiary hearing on the 1999 motion and that he would not have withdrawn the motion otherwise. *Id*. On December 5, 2003, the Fifteenth Judicial Circuit denied Petitioner's 2003 motion. *Id*. at 28. There is no indication that Petitioner sought appellate review of this decision.

On February 23, 2017, Petitioner filed a new motion (2017 motion) under Florida Rule of Criminal Procedure 3.850 seeking DNA testing that, he contended, would prove that another individual was at the scene of the crime. (DE 11-1 at 49-54). He also filed a "Motion to Correct Illegal Sentence" under Florida Rule of Criminal Procedure 3.800(a) in October 2019[2] (2019 motion), objecting that the verdict form used in his trial varied from his Information Sheet and did not give the jury the opportunity to delineate between his and his co-defendants' independent acts. *Id*. at 66-78. On January 2, 2020, the Fifteenth Judicial Circuit denied both the 2017 and 2019 motions as legally insufficient. DE 11-1 at 56-58. Petitioner appealed this order to the Fourth DCA, which affirmed the lower court's denial of both motions, per curiam, in two separate orders in April 2020. *Id*. at 62, 86. Petitioner further appealed to the Florida Supreme Court, which, on April 30, 2020, dismissed his case as to the 2019 3.800(a) motion for want of jurisdiction to review

---

[2] The State's Response suggests that this motion was filed on January 31, 2020. However, the Fifteenth Judicial Circuit's order denying the motion indicates it was filed in October 2019 (DE 11-1 at 56), and it appears that Petitioner appealed that order on January 21, 2020. *Id*. at 66, 69.

3

a per curiam affirmance. *Id*. at 90. The Florida Supreme Court similarly dismissed his appeal of the 2017 motion. *Id*. at 64.

In his instant Petition, filed on May 12, 2020, Petitioner attacks his convictions on two grounds. (DE 1). First, he argues that the jury should have been given an "Independent Act" jury instruction.³ *Id*. at 5. Second, he argues that the verdict form violated the State of Florida's "Criminal Rules of Court" by varying from the Indictment. *Id*. at 7. Specifically, he points to the fact that the Indictment charged him with committing each offense (first-degree murder, attempted robbery, and burglary of an occupied structure) "with a firearm," whereas the verdict form omitted the "with a firearm" language. *Id*.; DE 1-1 at 5-8.

## II. ANALYSIS

### A. Time Bar

The Petition should be dismissed because it is untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (*per curiam*). The AEDPA imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

---

³ "The 'independent act' doctrine arises when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, 'which fall outside of, and are foreign to, the common design of the original collaboration.'" *Ray v. State*, 755 So.2d 604, 609 (Fla.2000) (internal citations omitted).

4

> States is removed, if the applicant was prevented from filing by such action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, the only applicable start date for the limitations period is the date on which Petitioner's judgment became final pursuant to § 2244(d)(1)(A). Petitioner does not allege any state action that impeded his ability to file a petition contrary to the Constitution or laws of the United States. *See* 28 U.S.C. § 2244(d)(1)(B). Nor is he asserting any Constitutional right newly recognized by the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(C). Petitioner does make a conclusory claim that the issues he presents are "newly discovered." (DE 1 at 7). However, even assuming that Petitioner is claiming that the factual predicate of the claims is "newly discovered," such a claim must plainly fail. Petitioner's claims are based on alleged defects in the jury instructions and verdict form used at his trial in comparison to the Indictment. These facts were plainly known or discoverable at, and in the immediate aftermath of, Petitioner's trial. Therefore, § 2244(d)(1)(D) cannot apply.

Petitioner's judgment is nearly two decades old, and the Petition comes long past when his one-year limitation period expired. The date on which a judgment becomes "final" is the day that (1) direct review concludes or (2) the time for seeking such review expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (citing 28 U.S.C. § 2244(d)(1)(A)). As described above, direct of

review of Petitioner's judgment ended when the Fourth DCA per curiam affirmed his judgment on January 13, 1999. Petitioner could not seek review of the Florida Supreme Court, *see Jackson*, 926 So.2d at 1263, 1266 (Fla. 2006), and his opportunity to seek review from the United States Supreme Court expired 90 days later. *See* Sup. Ct. R. 13. Therefore, his judgment became final on April 13, 1999, and his one-year limitation period began to run.

The limitations period is tolled "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Approximately seven months elapsed between the date on which Petitioner's judgment became final and the date on which he filed his 1999 motion seeking post-conviction relief, thus tolling the statute of limitations. However, Petitioner withdrew the 1999 motion in June 2002, which re-started his one-year clock. Petitioner filed another motion (his 2003 motion) approximately a year later seeking relief from the withdrawal of his 1999 motion. However, even presuming that the 2003 motion qualified for tolling under § 2244(d)(2), the one-year period had fully elapsed around November 2002, before Petitioner filed his 2003 motion (and obviously well before he filed his 2017 and 2019 motions). Thus, the instant Petition was filed more than eleven-and-a-half years after the one-year statute of limitations period had run.

In explaining why he did not seek further appeal or other review of his claims, Petitioner repeatedly cites being "time-barred" or "procedurally-barred" by "the ineffective assistance of evidentiary hearing counsel dismissing 3.850" or "the actions of John Clement." (DE 1 at 5, 6, 7,

6

8).[4] These statements appear to reference the same claim Petitioner raised in his 2003 motion – that he only withdrew his 1999 motion based on coercion and misrepresentations by his counsel at that time. Liberally construing Petitioner's *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), I interpret these statements as a request for equitable tolling of the statute of limitations.

The one-year limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also, Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.")). Equitable tolling is, therefore, "an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Fla. Dep't of Corr.,* 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation and citation omitted).

Here, Petitioner is not entitled to equitable tolling to an extent that the Court should deem the instant Petition to be timely filed. The Petition does not include any specific facts from which the Court could conclude that extraordinary circumstances prevented him from timely filing his

---

[4] When prompted by the petition form to address the timeliness of his Petition under 28 U.S.C. § 2244(d), Petitioner asserted "I am currently using, and exercising, the 3.800 to argue my claims. It can be filed at any time." (DE 1 at 14). This argument fails to address the strictures of § 2244(d) in any meaningful way.

7

petition. Rather, it contains only conclusory allegations against his former counsel. Even his 2003 motion to the state court, which specifically sought relief due to his former counsel's alleged ineffective assistance, contained only conclusory allegations rather than specific facts. (DE 13-1 at 24-26). Moreover, I cannot conclude that Petitioner "has been pursuing his rights diligently." Even assuming that Petitioner was diligently pursuing his rights through his 2003 motion seeking relief from the withdrawal of his 1999 motion, there is no evidence that Petitioner took any further steps to pursue his rights for more than 13 years between the denial of his 2003 motion and the filing of his 2017 motion (which sought completely separate relief on completely separate grounds). Notably, the grounds for relief which Petitioner alleges in the instant Petition are completely different from the grounds alleged in his 1999 motion. Thus, it is difficult to see how his appointed counsel's alleged misconduct unfairly prevented Petitioner from presenting his current grounds for relief in a timely manner. The fact that Petitioner did not allege the instant grounds for relief in any pleading until his 2019 motion to the state court – twenty-two years after his conviction – underscores that equitable tolling is not warranted. Therefore, the Petition is well outside the one-year statute of limitations and should be dismissed as untimely.

### B. <u>Non-Cognizable Claims</u>

Even if the Petition was timely, it only alleges errors of state law, rather than violations of the U.S. Constitution or federal law. "Section 2254 is explicit that a federal court is to entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). "A state's interpretation of its own laws or rules provides no basis for federal

habeas corpus relief, since no question of a constitutional nature is involved." *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) (citations omitted).

Petitioner alleges two state law trial errors in his petition – the trial court's failure to give an "Independent Act" jury instruction and a variance between the verdict form and his Indictment. The "Independent Act" doctrine is a feature of Florida state law, specifically how Florida interprets the felony murder rule and criminal liability for participants in jointly undertaken criminal activity. *See Bryant v. State*, 412 So.2d 347, 350 (Fla. 1982) (citing *Adams v. State*, 341 So.2d 765 (Fla.1976); *Pope v. State*, 84 Fla. 428, 94 So. 865 (1922); *Fleming v. State*, 374 So.2d 954 (Fla.1979)). Thus, whether that doctrine applied to Petitioner's case, and whether the trial court should have given a jury instruction based on that doctrine, is a question of state law. As to the second alleged error – regarding the verdict form – Petitioner explicitly describes the error as a violation of state court rules. (DE 1 at 7). He does not frame either error as Constitutional in nature; for example, he does not allege that either error was the product of ineffective assistance of counsel. Nor does Petitioner provide any indication of how either alleged error violated the Constitution or federal law. Because Petitioner's claims only raise issues of state law, his claims are not cognizable for review under 28 U.S.C. § 2254.

Notably, Petitioner's 2019 motion in state court under Rule 3.800, which described the same two grounds for relief, also failed to describe any federal or Constitutional dimension to the alleged errors. For this reason, even if the Court could conceive of some potential cognizable issue raised by the alleged errors, Petitioner would be procedurally barred from presenting such claims for failure to fairly present them to the state court first. *See Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 456–59 (11th Cir. 2015) ("Because Preston did not make the state court aware that

his claim included a federal constitutional claim, he did not fairly present his federal claim to the Florida courts, and he is procedurally barred from asserting it now."). Therefore, even if the Petition was timely filed, it should nevertheless be dismissed.

### III.  **CERTIFICATE OF APPEALABILITY**

A habeas petitioner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court has rejected a petitioner's claims on a procedural basis, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 484-85. "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id*. at 485. "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can

10

dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Upon consideration of the record, the Court should deny a certificate of appealability, because reasonable jurists would not find the assessment of the claims debatable or wrong, nor would they find it debatable whether the Court is correct in its procedural ruling. Notwithstanding, if Petitioner does not agree, Petitioner may bring this argument to the attention of the District Judge in objections to this Report.

## IV.     RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that the Petition (DE 1) be **DENIED** and that no certificate of appealability be issued.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Donald M. Middlebrooks, United States District Judge.  Failure to file objections timely shall bar

the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 21st day of January 2021.



Jared M. Strauss
United States Magistrate Judge

cc:

Hon. Donald M. Middlebrooks

Anthony T. Thompson
W04406
South Bay Correctional Facility
Inmate Mail/Parcels
600 U S Highway 27 South
South Bay, FL 33493-2233

All counsel of record